OWEN & MILLS *v.* E. P. HUMPHREY, ET AL.

**Lease Contract—Arbitration—Fraud.**

Where in a lease contract the rent is to be six per cent of the valuation, to be made each fivè years by two arbitrators, one to be appointed by each party, with a clause that if they fail to agree on a valuation, that fixed by the assessor was to be taken, a party to such contract is not entitled to have such valuation fixed by a court where no fraud is charged, and neither party has failed to appoint an arbitrator in good faith.

**Lease Contract—Arbitration.**

When the rent in a lease depends upon the valuation of the realty, to be determined by arbitrators, or in case of their failure, the valuation fixed by the assessor is to be taken, and the arbitrators in good faith cannot agree, the assessor's valuation determines the amount of rental to be paid.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 22, 1875.

Opinion by Judge Peters:

In order to obtain a proper construction of the parts of the lease relating to this controversy, they should be read together, as if they formed but one paragraph or sentence. They are as follows:

"And at the end of the first and second five years, the lot is to be valued at a fair valuation by two disinterested persons, mutually chosen, and endorsed or entitled to this lease, and the party of the second part binds himself to pay six per cent. per annum on such valuation, as rent, during the five years succeeding each valuation.

"And it is further agreed that if the valuations are not made at the periods herein provided for, the valuation made by the city assessor for that year shall be the same upon which the six per cent. per annum is to be paid."

It must be conceded that if either party should persistently refuse to choose a disinterested and suitable person to act with such person chosen by the other party, at the time specified for making the valuation, or should choose a person that he knew would not agree to a fair valuation, and choose such person with the design to prevent a fair valuation, or otherwise to obtain an unjust advantage, certainly a court of equity might properly be resorted to for the purpose of having a fair and just valuation made of the property.

Where parties have agreed upon a particular mode of adjusting controversies in relation to property, determining disputes and ascertaining and fixing values, as in this case, such agreements should be encouraged; and courts should not interfere except to enforce performance or to prevent one party from obtaining fraudulent advantage of the others. After stating in the petition that on the 1st of January, 1874, appellee called the attention of appellants to the particular clauses in the lease in reference to the mode provided for fixing the amount to be paid for the rent of the premises for the succeeding five years; that they then made an effort to agree upon the rent, appellees allege that they then chose W. R. Thompson, and appellants chose John L. Henning to fix the valuation on the property; that these gentlemen met several times, but were unable to come to an agreement; that Mr. Thompson then proposed that they should leave the matter to some third person, and abide by his decision; that Mr. Henning declined that proposition, and that Mr. Thomp-

son proposed to split the difference between them and fix the valuation of the lot at $375, which was also refused.

They further allege that said covenants in said lease are of great value and importance to them; that in no other way can it be ascertained what rent they are to receive; and that they have done everything in their power to obtain a fair valuation of the premises. Every offer of compromise has been rejected, and the gentleman appointed by appellants to act for them refused to accede to each and every offer made by Mr. Thompson, looking towards a settlement between them. They say they are and have ever been willing to carry out the same, and have shown their efforts to do so; that defendants neglected for a long time to appoint some one to act for them, and only did so upon repeated solicitations by plaintiffs, and further that Mr. Henning made no proposition towards a settlement of the wide difference of opinion between himself and Mr. Thompson, but refused to accede to each and every offer made by him; that there is a controversy between them and the defendant, concerning the proper construction of the following clause in said lease, as well as the clauses hereinbefore set out; and then follows the last claim already copied herein.

They then pray for a specific performance of said covenants and agreements for a valuation of the premises, for a construction of the terms of said lease; that the value of said premises be fixed; that defendant be decreed to pay plaintiffs six per cent. per annum on said valuation during five years, commencing the 1st of January, 1874, and for their costs and for all proper relief.

This extended extract is made from the petition, that the facts may distinctly appear upon which the aid of the chancellor is invoked. There is no charge of fraud on the part of appellants; it is not alleged that the gentleman selected by them was incompetent to make the valuation for the want of judgment or knowledge of the value of property in the city, or that he was from any other cause an improper person to refer the matter to. No misconduct is alleged against him, and the only complaint of him is that he had fixed a low valuation on the property, and declined to accede to any proposition made by Mr. Thompson. That he certainly could have been consistent with the utmost good faith, for having valued the property at what he conscientiously believed a fair price, it was quite natural that he should adhere to it; and his refusal to change his opinion cannot be construed into disqualifying persistency or want of integrity. Nor is any misconduct charged against appellants. It appears from the

averments in the petition that they were somewhat tardy in selecting a man to make the valuation; but no rent was due till the 1st of April, 1874, and they may have supposed that a valuation made by the time the rent was due would be sufficient.

The concluding clause of the lease herein quoted appears to have been inserted to meet the very contingency which has happened. It expressly provides that if the valuations are not made at the periods herein provided for, viz.: at the end of the first and second five years, the valuation made by the city assessor for that year shall be the same on which the six per cent. per annum is to be paid. This agreement contains no exceptions. In the contingency provided for the parties themselves have selected the final arbiter, and to him must they go, unless sufficient reasons are shown for resorting to another tribunal. It is not alleged even that the "city assessment" is not a fair appraisement, and how "such appraisements are generally regarded," we have not the means of knowing, as the record contains no evidence on that question. But parties have made that valuation the criterion by which the rent is to be fixed, and no sufficient reason has been presented for changing it.

Wherefore the judgment must be *reversed* and the cause remanded with directions to dismiss the petition.

*Clemmons & Willis, for appellants.*
*E. W. C. Humphrey, for appellees.*